# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

IN RE: JEFFREY S. JACKSON,  5:19-PF-2 (GTS)

                     **Respondent.**

_____

**GLENN T. SUDDABY, Chief United States District Judge**

## ORDER TO SHOW CAUSE

Recently the undersigned has determined that grounds may exist to enjoin Jeffrey S. Jackson ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

> litigant has caused needless expense to other parties or has
> posed an unnecessary burden on the courts and their personnel;
> and (5) whether other sanctions would be adequate to protect the
> courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

Since October 16, 2019, Respondent, while proceeding *pro se*, has filed five Complaints in this Court, and pursued a sixth Complaint that was properly removed to this District based on federal-question jurisdiction. *Jackson v. Gen. Motors*, 19-CV-1276, Complaint (N.D.N.Y. filed Oct. 16, 2019); *Jackson v. Alcon Labs.*, 19-CV-1277, Complaint (N.D.N.Y. filed Oct. 16, 2019); *Jackson v. Intuit*, Inc., 19-CV-1278, Complaint (N.D.N.Y. filed Oct. 16, 2019); *Jackson v. Bloomberg L.P.*, 19-CV-1281, Complaint (N.D.N.Y. filed Oct. 17, 2019); *Jackson v. STF Servs. Corp.*, 19-CV-1326, Complaint (N.D.N.Y. filed in state court on Oct. 2, 2019, and removed to federal court on Oct. 25, 2019); *Jackson v. Intuit Inc.*, 19-CV-1331, Complaint (N.D.N.Y. filed Oct. 29, 2019).

Granted, Respondent has had the good sense to voluntarily discontinue two of these actions (after being expressly warned that intentionally filing duplicative actions may result in sanctions). (Dkt. No. 11 in 19-CV-1278, Notice of Voluntary Dismissal [N.D.N.Y. filed Nov. 18, 2019]; Dkt. No. 6 in Action 19-CV-1331, Notice of Voluntary

Dismissal [N.D.N.Y. filed Nov. 18, 2019].) However, through his mere filing of one of those two actions, and through his litigation of the four other of his actions, Respondent has demonstrated a degree of vexatiousness that warrants action by the undersigned. More specifically, the Court has identified five ways that Respondent's litigation practices appear to be extremely vexatious.

First, Respondent filed an action in this Court (i.e., one of the two above-referenced voluntarily discontinued actions) thirteen days after filing a virtually identical action in this Court (i.e., the other of the two above-referenced voluntarily discontinued actions). (*Compare* Dkt. No. 1 in Action 19-CV-1278 [Plf.'s Compl., filed Oct. 16, 2019, asserting claims under Title VII of the Civil Rights Act of 1964 and Section 296 of the New York State Human Rights Law against Intuit, Inc., and four of its employees, arising from his employer's alleged discovery and use of his arrest record] *with* Dkt. No. 1 in Action 19-CV-1331 [Plf.'s Compl., filed Oct. 29, 2019, asserting claims under Title VII of the Civil Rights Act of 1964 and Section 296 of the New York State Human Rights Law against Intuit, Inc., arising from his employer's alleged discovery and use of his arrest record].) Although Respondent was ultimately persuaded not to engage in such duplicative litigation, he wasted the Court's resources before doing so.

Second, Respondent filed an action in this Court fifteen days after filing a virtually identical action in state court. (*Compare* Dkt. No. 1 in Action 19-CV-1281 [Plf.'s Compl., filed Oct. 17, 2019, in federal court, asserting claims of gender and age discrimination against STF Services Group, Bloomberg LP, Bloomberg BNA and Michael Bloomberg, arising from events occurring during the course of his employment between Nov. 4, 2015, and March 23, 2017] *with* Dkt. No. 2 in Action 19-CV-1326

[Plf.'s Compl., filed Oct. 2, 2019, in state court, asserting claims of gender and disability discrimination against STF Services Group, Bloomberg LP, Bloomberg BNA, Bloomberg Industry Group and John Doe, arising from events occurring during the course of his employment between Nov. 4, 2015, and March 31, 2017].)

It is difficult for the Court to imagine how Respondent could sincerely believe that these two instances of duplicative litigation were permitted. This is particularly true after October 25, 2017, when Respondent's state-court Complaint was removed to federal court. (Dkt. No. 1 in Action 19-CV-1326.) Moreover, any benefit of the doubt afforded to Respondent on this issue dissipates when one considers his other conduct, described below.

Third, Respondent has repeatedly filed motions knowing them to be improper and/or without merit. For example, on one occasion, he filed the same motion twice on the same date.[1] On another occasion, he re-filed a motion after apparently becoming impatient that he had not received a decision on the first motion.[2] Even more egregiously, he has repeatedly filed procedurally improper motions after being specifically and repeatedly advised of the procedural defects in those motions (i.e., the lack of a memorandum of law and/or affidavit). The specific advice was delivered to Respondent in four different ways: the first way being through the delivery of courtesy

---

[1] (*Compare* Dkt. No. 16 in Action 19-CV-1281, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019] *with* Dkt. No. 17 in Action 19-CV-1281, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019].)

[2] (*Compare* Dkt. No. 7 in Action 19-CV-1281, Motion for Counsel [N.D.N.Y. filed Nov. 6, 2019] *with* Dkt. No. 18 in Action 19-CV-1281, Motion for Counsel [N.D.N.Y. filed Nov. 12, 2019].)

copies of Local Rules 7.1(a) and 72.1(b) of the District's Local Rules of Practice and pages 35 and 36 of the District's *Pro Se* Handbook on October 17, October 29, and November 6, 2019;[3] the second way being through a Text Order filed on November 7, 2019;[4] the third way being through Text Orders filed on November 19, 2019;[5] and the fourth way being through a Text Notice filed on November 26, 2019.[6] The filing of these procedurally improper motions occurred at least seventeen times between November 6 and December 18, 2019 (each time becoming less forgivable due to the accumulation of notices).[7] This too has wasted the Court's resources.

---

[3] (Dkt. No. 7 in Action 19-CV-1276 [Acknowledgment of Receipt dated Oct. 17, 2019]; Dkt. No. 9 in Action 19-CV-1277 [Acknowledgment of Receipt dated Oct. 17, 2019]; Dkt. No. 5 in Action 19-CV-1278 [Acknowledgment of Receipt dated Oct. 17, 2019]; Dkt. No. 3 in Action 19-CV-1281 [Acknowledgment of Receipt dated Oct. 17, 2019]; Dkt. No. 3 in Action 19-CV-1331 [Acknowledgment of Receipt dated Oct. 29, 2019]; Dkt. No. 22 in Action 19-CV-1326 [Acknowledgment of Receipt dated Nov. 6, 2019].)

[4] (Dkt. No. 28 in Action 19-CV-1326 [Text Order filed Nov. 7, 2019].)

[5] (Dkt. No. 12 in Action 19-CV-1278 [Text Order filed Nov. 19, 2019]; Dkt. No. 23 in Action 19-CV-1281 [Text Order filed Nov. 19, 2019].)

[6] (Text Notice in Action 19-CV-1281 [filed Nov. 26, 2019].)

[7] (*See, e.g.,* Dkt. No. 23 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 6, 2019, lacking both]; Dkt. No. 24 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 6, 2019, lacking both]; Dkt. No. 25 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 6, 2019, lacking both]; Dkt. No. 33 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 7, 2019, lacking both]; Dkt. No. 10 in Action 19-CV-1281 [N.D.N.Y. filed Nov. 7, 2019, lacking both]; Dkt. No. 11 in Action 19-CV-1281 [N.D.N.Y. filed Nov. 7, 2019, lacking both]; Dkt. No. 14 in Action 19-CV-1281 [N.D.N.Y. filed Nov. 7, 2019, lacking both]; Dkt. No. 19 in Action 19-CV-1281 [N.D.N.Y. filed Nov. 12, 2019, lacking a memo. of law]; Dkt. No. 10 in Action 19-CV-1278 [N.D.N.Y. filed Nov. 12, 2019, lacking a memo. of law]; Dkt. No. 42 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 21, 2019, lacking both]; Dkt. No. 43 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 21, 2019, lacking both]; Dkt. No. 44 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 21, 2019, lacking both]; Dkt. No. 45 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 21, 2019, lacking both]; Dkt. No. 32 in Action 19-CV-1281

Fourth, Respondent has made material misrepresentations in his applications to proceed *in forma pauperis*. For the sake of brevity, the Court will not linger on the numerous inconsistencies between statements made in certain applications and those made in others, which might be overlooked due to the use of different forms or the completion of the forms on different dates (at least for a plaintiff who has not committed the other litigation abuses described in this Order to Show Cause).[8] Far more troubling are the numerous material contradictions between statements made in applications submitted on the *same* forms on the *same* date. (*Compare* Dkt. No. 9 at 2 in Action 19-CV-1278, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019] *with* Dkt. No. 11 at 2 in Action 19-CV-1276, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019] *and* Dkt. No. 16 at 2 in Action 19-CV-1281, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019].) The Court can conceive of no excuse for such conduct.

Fifth, and finally, after being specifically advised of the reassignment of one of his actions to the undersigned on October 31, 2019, Respondent has repeatedly labeled motions returnable before U.S. District Judge Brenda K. Sannes (in both the aforementioned action and an action that had never been assigned to Judge Sannes),

---

[N.D.N.Y. filed Dec. 13, 2019, lacking both]; Dkt. No. 33 in Action 19-CV-1281 [N.D.N.Y. filed Dec. 13, 2019, lacking both]; Dkt. No. 58 in Action 19-CV-1326 [N.D.N.Y. filed Dec. 13, 2019, lacking both]; Dkt. No. 61 in Action 19-CV-1326 [N.D.N.Y. filed Dec. 18, 2019, lacking both].)

[8] (*Compare* Dkt. No. 2 at 2 in Action 19-CV-1276, Motion for IFP [N.D.N.Y. filed Oct. 10, 2019] *and* Dkt. No. 2 at 2 in Action 19-CV-1277, Motion for IFP [N.D.N.Y. filed Oct. 10, 2019] *with* Dkt. No. 2 at 1 in Action 19-CV-1278, Motion for IFP [N.D.N.Y. filed Oct. 16, 2019] *and* Dkt. No. 2 at 2 in Action 19-CV-1331, Motion for IFP [N.D.N.Y. filed Oct. 29, 2019] *and* Dkt. No. 9 at 1-2 in Action 19-CV-1278, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019] *and* Dkt. No. 2 at 2 in Action 19-CV-1281, Motion for IFP [N.D.N.Y. filed Nov. 12, 2019].)

confusing docket clerks, courtroom deputies and law clerks. (*Compare* Dkt. No. 9 in Action 19-CV-1326, Text Order of Reassignment [N.D.N.Y. filed Oct. 31, 2019] *with* Dkt. Nos. 23, 24 and 25 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 6, 2019] *and* Dkt. Nos. 30, 31, 32 and 33 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 7, 2019] *and* Dkt. No. 37 in Action 19-CV-1326 [N.D.N.Y. filed Nov. 15, 2019] *and* Dkt. Nos. 6 and 7, Action 19-CV-1281 [N.D.N.Y. filed Nov. 6, 2019] *and* Dkt. Nos. 10, 11, 12, 13 and 14 in Action 19-CV-1281 [N.D.N.Y. filed Nov. 7, 2019] *and* Dkt. No. 33 in Action 19-CV-1281 [N.D.N.Y. filed Dec. 13, 2019].) The Court notes that this conduct persisted even after the issuance of not only the Text Order of Reassignment and various Orders by the undersigned but a specific notice by the Clerk's Office that Respondent's designation of Judge Sannes as the presiding district judge was incorrect. (Dkt. No. 10, Text Entry [N.D.N.Y. filed Nov. 7, 2019] [stating "Clerk notes that the Notice of Motion sets a return date before Judge Brenda K. Sannes. Judge Sannes is not assigned to this case"].)

Notwithstanding the overwhelming support for a filing injunction (or "Pre-Filing Order") under the circumstances, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[9] and it is further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail.

Dated: December 27, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[9] This injunction would apply to, among other things, continued filings by Respondent as a *pro se* plaintiff in any actions filed by him in another federal district court and transferred to this Court by either him or his opponent, and/or filed by him in state court and removed to this Court by either him or his opponent, to the extent those other actions assert chiefly federal claims that largely arise from previously reviewed events and/or are asserted against previous defendants, rendering reasonable an anticipation that the actions would be transferred or removed to this Court. *In re Martin-Trigona*, 737 F.2d 1254, 1262-63 (2d Cir.1984), *accord, Lipin v. Sawyer,* 395 F. App'x 800, 801 (2d Cir. 2010).